IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**NICHOLAS FONTENOT, # 121530**                                                  **PLAINTIFF**

v.                                                                      CIVIL NO. 1:16cv125-HSO-JCG

**MARSHALL FISHER, MARSHALL
TURNER, CAPTAIN COOLEY,
CAPTAIN HARTFIELD, and JOHN
DOE**                                                                                    **DEFENDANTS**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. Pro se Plaintiff Nicholas Fontenot is incarcerated with the Mississippi Department of Corrections. Fontenot initiated this action on April 14, 2016.

On May 10, 2016, the Court ordered Fontenot to respond to certain inquiries regarding the Complaint. Fontenot's response was due May 24, 2016.

Having received no response, on June 13, 2016, the Court entered an Order to Show Cause [9]. The Court directed Fontenot to show cause by June 24, 2016, why the case should not be dismissed for failure to obey the Court's prior Order. When Fontenot did not comply, the Court entered a Second Order to Show Cause [11] on July 11, 2016, giving Fontenot one last opportunity to show cause. Fontenot was given until July 25, 2016, to respond.

The Orders [8, 9, 11] were mailed to Fontenot's address of record and were not returned as undeliverable. To date Fontenot has not responded or otherwise complied. The Court warned Fontenot that failure to comply may lead to the dismissal of his Complaint. 2d Order to Show Cause [11] at 2; 1st Order to Show

Cause [9] at 1; Order Requiring Plaintiff to Respond [8] at 1; Order Setting Payment Schedule [7] at 3; Order [4] at 2.  It is apparent from Fontenot's failure to comply with the Court's Orders that he lacks interest in pursuing this case.

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute or to obey a Court order, under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action sua sponte.  *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court.  *Id.* at 629-30.  Since Defendants have not been called upon to answer the Complaint or appear in this action, and since the Court has not considered the merits of the claims, the case will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated above, this case is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders.  A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 9th day of August, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

2